

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLEN F. CALTON (TDCJ # 1123880) | § § § | |
| VS. | § | CIVIL ACTION NO.4:14-CV-115-A |
| STEVE SCHILLER, et al. | § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Texas Department of Criminal Justice inmate/plaintiff Allen F. Calton filed a new civil case, accompanied by a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Allen F. Calton is the plaintiff. He has named as defendants Steve Schiller, Sharon Keller, and John Cayce.

C. LEGAL ANALYSIS

Although plaintiff Calton has filed a motion for leave to proceed in forma pauperis, Court records reveal, and Calton acknowledges, as a result of previously filing frivolous suits, he is barred from proceeding under 28 U.S.C. § 1915 in any civil

action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury.[1] Calton obtained the qualifying dismissals in several courts throughout Texas and in the United States Court of Appeals for the Fifth Circuit.[2] In this case, Calton has not set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g); that is, Calton does not claim that he is "under imminent danger of serious physical injury." Calton has filed a brief asserting several other challenges to the application of § 1915(g) to him, but in light of his history and the recent warning to him of the potential imposition of sanctions,[3] such arguments do not relieve Calton from the application of § 1915(g). Thus, the undersigned finds that Calton is not entitled to proceed *in forma pauperis* in this action and, if he wishes to proceed with this suit, he must pay a full filing fee.

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

[2] See *Calton v. Wright*, et al. No. 6:12-CV-087 (E.D. Texas February 27, 2012)(listing Calton's strikes), *rep. and rec, adopted*, (E.D. Tex. March 12, 2012).

[3] See *Calton v. Stephens*, No.4:13-CV-885-A (N. D. Tex. November 4, 2013)(order dismissing claims and warning Calton of the potential imposition of sanctions).

2

RECOMMENDATION

It is therefore RECOMMENDED that Allen F. Calton (TDCJ No. 1123880) should not be allowed to proceed in forma pauperis in this action and that the motion to proceed in forma pauperis be DENIED by the district judge. It is further RECOMMENDED that the district judge inform plaintiff Calton that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless he pays to the clerk of Court the filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 14, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

---

[4]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

3

basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until March 14, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED February 21, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE